IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-60001-JIC

THE UNITED STATES OF AMERICA
        Plaintiff

v.

GUY ST AMOUR

    Defendant

_____/

**DEFENDANT'S SENTENCING MEMORANDUM AND OBJECTION TO PSIR**

Defendant, GUY ST AMOUR, files his sentencing memorandum, advising the Court of all pertinent factors it should consider in fashioning a reasonable and just sentence in his case.

Introduction

This case is about a series of bad decisions, not about a criminal threat to society. The Court is well aware of the offense conduct in this case having been advised through the Defendant's motions to dismiss and the government's responses thereto.

On June 19, 2017 Mr. St amour pled guilty pursuant to a written conditional plea agreement to count one of an indictment charging him with operating an aircraft with an unapproved fuel system modification under title 18 USC § 46306(b)(9). Mr. St amour's plea agreement was conditioned on his right to appeal the denial of his motion to dismiss the indictment challenging the government's definition of the word "operate" as used in 18 U.S.C. 46306(b)(9). The plea agreement also contains an agreement that although not binding on the court, the parties recommend the Court apply a base guideline level of 6 under U.S.S.G. § 2N2.1 as the most analogous guideline in the absence of an expressly promulgated guideline. With an

adjustment for acceptance of responsibility under U.S.S.G § 3E1.1(a), the parties agree that a guideline level of 4 is appropriate in this matter. Following the entry of his guilty plea and upon request of the parties the court ordered an expedited PSIR. On July 6, 2017, probation filed a modified PSIR.

Objections

The Defendant has one sole objection to the PSIR. In paragraph 43 under impact of the plea agreement, the PSIR indicates that U.S.S.G. § 2B1.1 is historically used to determine the base offense level for offenses involving FDA and FAA safety violations. Under this approach, together with an additional enhancement the resulting guideline level would be 14. Mr. Mr. St Amour respectfully disagrees with this assessment. In this district and all others U.S.S.G. § 2B1.1 is ordinarily applied to crimes including fraud, money laundering and other crimes of a financial nature where loss amounts and restitution are paramount.

As the Court is aware from the pre-trial motions and arguments propounded by the parties, 18 USC § 46306(b)(9) has seldom if ever been used to criminally prosecute anyone. In reality, violations of the kind that occurred in this case are normally dealt with by the FAA and treated as a civil matter where the maximum penalties involve fines and revocation of an individual's pilot license. Counsel for both parties exhaustively researched the use and history of the operative statute and could not find an example of where it has been used in this context. As such, the parties were able to agree on the recommendations made in the plea agreement.

Therefore, Mr. St Amour respectfully requests that the Court disregard the advisements made by probation in paragraph 43 of the PSIR and honor the agreed upon requests made by the parties in the written plea agreement.

Memorandum

It is now well established that, as a sentencing court, this Court has wide discretion to vary from the guidelines, which are advisory, and tailor the ultimate sentence imposed in line with the full range of the statutory considerations set forth in 18 U.S.C. § 3553(a). *United States v. Booker*, 543 U.S. 220 (2005); *Gall v. United States*, 552 U.S. 38 (2007); *Rita v. United States*, 551 U.S. 338 (2007). A sentence is subject to a reasonableness standard of review. And a sentence produced by application of the guidelines may not be presumed reasonable. *United States v. Nelson*, 129 S.Ct. 890 (2009). *See also*, *United States v. Hunt*, 459 F.3d 1180, 1185 (11th Cir. 2006) ("[t]here are … many instances where the Guideline range will not yield a reasonable sentence"). Therefore, sentencing courts are afforded wide latitude in formulating an appropriate sentence for each defendant who appears before the court to be sentenced. *See*, *Gall,* 552 U.S. 586 (upholding district court's sentence of probation for defendant in conspiracy to traffic ecstasy where the guidelines where 30 to 37 months); *United States v. McBride*, 511 F.3d 1293 (11th Cir. 2007) (upholding district court's application of section 3553(a) factors to fashion a sentence far below the guidelines in the case of a child pornographer); *United States v. Clay,* 438 F.3d 739 (11th Cir. 2007) (upholding a variance to 60 months where the guidelines where 188-235 months of imprisonment); *United States v. Anderson*, 267 Fed. App'x 847 (11th Cir. 2008) (affirming sentence of home confinement where the guidelines where 18 to 24 months of

imprisonment and explaining that district courts have wide discretion at sentencing); *United States v. Williams,* 435 F.3d 1350 (11th Cir. 2006) (upholding district court's lengthy variance from guidelines in the case of a career offender); *United States v. Gardellini*, 545 F.3d 1089 (D.C. Cir. 2008) (upholding a sentence of probation for a tax evader); *United States v. Adelson*, 441 F.Supp.2d 506 (S.D.N.Y. 2006), affirmed, 301 Fed. Appx. 93 (2nd Cir. 2008) (Judge Rakoff varying the defendant's sentence to 42 months in a massive securities fraud case where his applicable guidelines exceeded the maximum sentence of 85 years for the offenses of conviction).

Sentencing Options

The mandate of section 3553(a) is, of course, for the Court to "impose a sentence sufficient, but not greater than necessary, to comply" with the purposes of sentencing set forth in the second paragraph of that same statute. Under paragraph 32 of the PSIR, the guideline imprisonment range in this case is zero to six months. Since the applicable range is in Zone A of the Sentencing table, a sentence of imprisonment is not required. If a term of imprisonment is not imposed, the Court has the discretion to not impose any kind of supervised release under U.S.S.G. § 5D1.1(b).

In this area, the parties are in disagreement. The government has indicated it will be asking the Court to impose the maximum amount of supervised release of one year. Mr. St Amour respectfully suggests the Court not impose any supervised release. Since his arrest four years ago, Mr. St Amour has encountered repeated rejections from potential employers because of his arrest history with the DEA. He has also experienced the stigma of having an arrest record that alleges

- -

he committed drug trafficking. Thru his act of pleading guilty he has accepted responsibility for violating the law and he will no doubt experience more lifelong obloquy and consequences stemming from his conviction not the least of which includes the revocation of his airman's certificate. Mr. St Amour respectfully suggests that these consequences together with the stress and expense of this litigation is sufficient punishment to fit the crime. Lastly, Mr. St Amour exhausted whatever savings he had over the past few months on living expenses and the cost of litigation. At sentencing he will be asking the Court to appoint the public defender to represent him in his appeal permitted by the plea agreement. In regard to a fine, Mr. St Amour is unable to pay any type of fine at this time and respectfully asks that the Court not impose one.

Conclusion

For the foregoing reasons, Mr. St Amour prays this honorable Court sentences him to time served.

Respectfully submitted,

**Horstman & Alfaro PLLC**
4000 Ponce de Leon Blvd. Suite 470
Coral Gables, Florida 33146
Tel: 786-363-2517
Fax: 305-777-044
Email:nelson@nelsonalfarolaw.com

By:/S/ Nelson I. Alfaro
Nelson I. Alfaro
Fla. Bar No. 023963

**CERTIFICATE OF SERVICE**

- -

I hereby certify that on July 10, 2017 the foregoing was filed with the Clerk, U.S. District Court and copy provided to the U.S. Attorney's Office for the Middle District of Florida.

Respectfully submitted,

By:/S/ Nelson I. Alfaro
Fla. Bar No. 023963

- -